```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                         BEAUFORT DIVISION
                            IN ADMIRALTY
```

| | |
|---|---|
| TOWN OF PORT ROYAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A: 9:22-cv-<u>1508</u>-<u>RMG</u> |
| ) | |
| F/V BUCCANEER (O.N. 983252); F/V ) | |
| HAVING FAITH (O.N. 641697); F/V ) | |
| HENRY EARL (O.N. 587877); F/V ) | |
| JOSIE N. III (O.N. 526449); F/V ) | |
| MISS LILY (O.N. 624750); F/V ) | |
| WHICH A WAY (O.N. 289204); and ) | |
| S/V SECOND FEET (SC-5461-CC), ) | |
| THEIR ENGINES, BOILERS, TACKLE, ) | |
| APPURTENANCES, ETC., *in rem*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | (NON-JURY) |

<u>PLAINTIFF'S VERIFIED COMPLAINT</u>

COMES NOW the Town of Port Royal (hereinafter "Town"), Plaintiff in the above-captioned action, and, complaining of Defendants, shows this Honorable Court as follows:

<u>JURISDICTION</u>

1. This a case of unpaid wharfage and maritime trespass against fishing vessels BUCCANEER (O.N. 983252); HAVING FAITH (O.N. 641697); HENRY EARL (O.N. 587877); JOSIE N. III (O.N. 526449); MISS LILY (O.N. 624750); WHICH A WAY (O.N. 289204); and sailing vessel SECOND FEET (SC-5461-CC) (hereinafter the "Vessels") *in rem* pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

1

("Supplemental Admiralty Rules").

2. This is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Plaintiff invokes the original admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

3. This case is governed by Rule C of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure, the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

4. The Vessels are within the District of South Carolina or will be within the District while the action is pending.

5. At all times material hereto, Defendant Vessels are U.S. flag and in navigation upon the navigable waters of the United States and are currently moored at the Port Royal Shrimp Dock located adjacent to Fishcamp Restaurant at 1699 11th Street, Port Royal, SC 29935 (hereinafter the "Shrimp Dock").

6. At all times material hereto, Plaintiff was and is a South Carolina municipality.

7. At all times material hereto, Plaintiff operated the Shrimp Dock pursuant to a licensing agreement until it obtained official ownership on March 10, 2021.

## FACTS

8. For years the Town operated a seafood facility to process bounties brought in by various shrimpers that use the Shrimp

Dock for berthing and utilities both provided by the Town.

9. Years ago, the Town lost the location it was using for processing, however the Defendant Vessels continued to use the Shrimp Dock, excluding the Defendant SECOND FEET which arrived later.

10. Defendant Vessels are large, wooden shrimp boats, with the exceptions of the BUCCANEER, which is a large steel hull and the SECOND FEET, which is a sailboat, and remain moored at the Shrimp Dock incurring wharfage fees.

11. All Defendant Vessels owe the Town unpaid wharfage, many have never paid the Town anything for services provided.

12. On information and belief, each Defendant Vessel has unpaid wharfage as follows:

   a. BUCCANEER - $1,500.00;

   b. HAVING FAITH - $11,400.00;

   c. HENRY EARL - $4,900.00;

   d. JOSIE N. III - $11,700.00;

   e. MISS LILY - $10,800.00;

   f. WHICH A WAY - $11,700.00; and

   g. SECOND FEET - $600.00.

13. The Town has incurred substantial expense associated with Defendant Vessels' use of the Shrimp Dock and non-payment of wharfage fees.

14. Upon information and belief, some of the Defendant

Vessel owners have told the Town that they are going to "repair" or "will repair" their respective Vessel.

15. However, over time, many, if not all of the Vessels, have been neglected by their owners to the point where they have become unseaworthy, and potentially, environmental and navigational hazards.

16. Defendant Vessels' condition conflict with the Town's rules for use of the Shrimp Dock, one of which requires that vessels using the dock be maintained in a seaworthy condition.

17. In recent years the Town has recognized the need to renovate the Shrimp Dock, however the demolition of the existing dock cannot begin until all Vessels have departed.

18. On or about January 29, 2022, owners of Defendant Vessels HENRY EARL, MISS LILY, and WHICH A WAY were served a Notice of Termination of Wharfage via process server. *See Ex. A and B*.

19. On or about February 1, 2022, said Notice was posted on each of the Defendant Vessels, with the exception of S/V SECOND FEET, and in a conspicuous place on the Shrimp Dock via process server. *See Ex. C*.

20. On February 23, 2022, the owner of Defendant Vessel HAVING FAITH was served said Notice via process server. *See Ex. D*.

21. On or about March 8, 2022, the owner of the Defendant

4

Vessel BUCCANEER confirmed receipt of an email with the February 1st Notice of Termination of Wharfage Letter attached. *See Ex. E.*

22. In early April, due to weather and other circumstances, the Town granted a two-week extension for all Vessels to remain at the Shrimp Dock until April 15, 2022.

23. After the termination of wharfage, the Town posted a "No Docking Allowed" sign on the Shrimp Dock.

24. Upon information and belief, Defendant SECOND FEET arrived at the Shrimp Dock after the wharfage was terminated and the said sign was posted.

25. On or about May 3, 2022, Defendant Vessel SECOND FEET was served with a Notice to Vacate directing immediate departure. *See Ex. F* and G.

26. Upon information and belief, on or about May 10, 2022, the owner of the Defendant Vessel SECOND FEET was served with said Notice to Vacate.

27. To date, all Defendant Vessels remain at the Shrimp Dock.

28. To date, all Defendant Vessels owe past due wharfage giving rise to maritime liens.

<u>FOR A FIRST CAUSE OF ACTION</u>
(Breach of Maritime Contract - Necessaries)

29. Plaintiff restates the above allegations as if set forth herein verbatim.

30. Plaintiff is seeking arrest of the Defendant Vessels, pursuant to Rule C of the Supplemental Admiralty Rules, to enforce its maritime liens against Defendant Vessels for failure to pay for necessaries furnished by Plaintiff.

31. The parties had an express or implied wharfage agreement (hereinafter "Agreement") for use of the Shrimp Dock.

32. An essential term of the Agreement was that each Vessel pay wharfage in the amount of $300.00 per month or $400.00 per month if someone was living aboard.

33. All Defendant Vessels have been provided wharfage at the Shrimp Dock by the Town which qualifies as a "necessary" under maritime law.

34. All Defendant Vessels have breached the Agreement by failing to pay for wharfage.

35. All Defendant Vessels have incurred additional wharfage for failing to vacate by April 15, 2022.

36. All Defendants Vessels have breached the Agreement by failing to vacate the Shrimp Dock.

37. As a direct and proximate result of Defendants' breaches, the Town has incurred damages from not receiving agreed upon payments for wharfage, utility services, and for costs associated with maintaining the Vessels at the Shrimp Dock.

38. As a direct and proximate result of Defendants'

breaches, the Town will likely incur damages arising from the safe disposal of Vessels necessary to facilitate the renovation of the Shrimp Dock.

39. As a direct and proximate result of Defendants' breaches, Plaintiff is entitled to a full award of damages in an amount sufficient to compensate for the losses stated above including without limitation actual damages, *in custodia legis* expenses, attorneys' fees, costs of this litigation, pre-judgment interest, and punitive damages as they may be proven in the trial of this matter.

## FOR A SECOND CAUSE OF ACTION
(Negligence)

40. Plaintiff restates the above allegations as if set forth herein verbatim.

41. Plaintiff is seeking arrest of the Defendant Vessels, pursuant to Rule C of the Supplemental Admiralty Rules, to enforce its maritime liens against Defendant Vessels for failure to comply with the Shrimp Dock Rules and for failing to depart from the Shrimp Dock prior to the termination of wharfage.

42. Defendant Vessels had a duty to comply with the Shrimp Dock Rules, one of which requires that moored vessels be maintained in a seaworthy condition.

43. Defendant Vessels also had a duty to depart the Shrimp

Dock after the wharfage had been terminated.

44. Defendant Vessels had a duty to be maintained in a seaworthy condition.

45. Upon information and belief, all Defendant Vessels are presently unseaworthy and have been for some time.

46. Defendant Vessels have materially breached their duty in one or more of the following respects:

    a. in failing to be maintained in a seaworthy condition;
    b. in failing to perform routine vessel maintenance;
    c. in failing to pay for wharfage and utilities;
    d. in failing to vacate the Shrimp dock prior to the termination of wharfage; and
    e. by remaining at the Shrimp Dock after all wharfage was terminated.

47. As a direct and proximate result of Defendants' negligence, the Town has incurred damages arising from costs associated with maintaining the Vessels at the Shrimp Dock.

48. As a direct and proximate result of Defendants' negligence, the Town will likely incur damages arising from the safe disposal of Vessels necessary to facilitate the renovation of the Shrimp Dock.

49. As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to a full award of damages in an amount sufficient to compensate for the losses stated

above including without limitation actual damages, *in custodia legis* expenses, attorneys' fees, costs of this litigation, pre-judgment interest, and punitive damages as they may be proven in the trial of this matter.

<u>FOR A THIRD CAUSE OF ACTION</u>
(Maritime Trespass)

50. Plaintiff restates the above allegation as if set forth herein verbatim.

51. Defendant Vessels had a duty to depart the Shrimp Dock prior to the termination of wharfage.

52. All Defendant Vessels have been served with notice regarding termination of all wharfage and that the departure of all Vessels is required.

53. Defendant Vessels' failure to vacate is a breach of their duty and a continuous trespass because the Town terminated all wharfage at the Shrimp Dock.

54. As a direct and proximate result of Defendants' maritime trespass, the Town will likely incur damages arising from the safe disposal of Vessels necessary to facilitate the renovation of the Shrimp Dock.

55. As a direct and proximate result of Defendants' maritime trespass, Plaintiff is entitled to a full award of damages in an amount sufficient to compensate for the losses stated above including without limitation actual damages, *in custodia*

*legis* expenses, attorneys' fees, costs of this litigation, pre-judgment interest, and punitive damages as they may be proven in the trial of this matter.

## PLAINTIFF'S PRAYER

WEREFORE, by reason of the foregoing, Plaintiff prays that summons issue to all Defendants herein; that the Defendants be made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court in cases of Admiralty and Maritime Jurisdiction issue against Defendant Vessels, their engines, boilers, tackle, appurtenance, etc.; that judgment be rendered for Plaintiff and against the Defendants, for all actual, consequential, punitive damages, attorneys' fees, costs of this litigation, and prejudgment interest, and that judgment be rendered for Plaintiff and against Defendants in an amount as may be proved at trial or which justice requires; that Plaintiff's maritime lien be declared a first priority lien against the Defendant Vessels; that Defendant Vessels, their tackle, appurtenances, and apparel, etc., be sold by the United States Marshal for this District at public sale and that the proceeds of the sale be applied first to satisfy Plaintiff's maritime liens; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

[SIGNATURE PAGE FOLLOWING]

      RESPECTFULLY SUBMITTED BY:

      COOPER & BILBREY, P.C.

      By: s/ Albert Bilbrey, Jr.
      ALBERT GLEN BILBREY, JR., ESQUIRE
       Federal Court ID 12938
       South Carolina Bar 103799
       agbilbrey@jhcooper.com
      JOHN HUGHES COOPER, ESQUIRE
       Federal Court ID 298
       South Carolina Bar 1387
       State Bar of Georgia 185986
       shiplaw@jhcooper.com
      JOHN TOWNSEND COOPER, ESQUIRE
       Federal Court ID 10172
       South Carolina Bar 76087
       jtc@jhcooper.com
      PO BOX 22513
      Charleston, SC 29413
      O 843-883-9099; F 843-883-9335

    ATTORNEYS FOR PLAINTIFF,
    TOWN OF PORT ROYAL

May 11, 2022
Charleston, South Carolina

## V E R I F I C A T I O N

PERSONALLY APPEARED Van Willis, who, under penalty of perjury, deposes, and says:

a) My name is Van Willis, and I am the Manager for the Town of Port Royal in South Carolina.

b) I am over 18, of sound mind, and a resident of Beaufort County in South Carolina.

c) I have read the foregoing PLAINTIFF'S VERIFIED COMPLAINT and know the contents thereof and the same are true and correct to the best of my knowledge, except as to matters therein stated to be on information and belief, and as to those matters I believe them to be true.

d) The sources of my information and the grounds of my belief are, my personal knowledge, and documents in my possession.

e) The above statements are true and correct under penalty of perjury.

TOWN OF PORT ROYAL

_____
Van Willis, *Town Manager*

May 9, 2022